# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE KAY,<br><br>            Plaintiff,<br><br>    v.<br><br>S. PENNYWELL, et al.,<br><br>            Defendants. | Case No.  1:14-cv-00753 SAB-PC<br><br>ORDER  DISMISSING ACTION FOR FAILURE TO PROSECUTE AND TO OBEY A COURT ORDER |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

On January 5, 2016, an order was entered, finding that the complaint stated a claim for relief and directing Plaintiff to complete and return to the Court USM 285 forms for service of process on Defendants.  Plaintiff was directed to do so within thirty days.  Plaintiff was specifically cautioned that his failure to comply would result in dismissal of this action.  Plaintiff did not file a response, or otherwise respond to the Court's order.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action,

---

[1] Plaintiff filed a consent to proceed before a Magistrate Judge on September 5, 2014. (ECF No. 5.)

1

the Court must weigh "(1) the public's interest in expeditious resolution of the litigation; (2) the Court's need to manage its own docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006)(internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that met be met in order for a court to take action. Id. (citation omitted).

On February 19, 2016, an order to show cause was entered, directing Plaintiff to show cause, within thirty days, why this action should not be dismissed for failure to prosecute and failure to obey a court order. (ECF No. 12.)   On March 4, 2016, the order to show cause was returned to the Court by the U.S. Postal Service as undeliverable.  Plaintiff has not notified the Court of any change of address.  Absent such notice, service at a party's prior address is fully effective.  Local Rule 182(f).

Accordingly, this action is dismissed for Plaintiff's failure to prosecute and to obey a court order.

IT IS SO ORDERED.

Dated:   **March 28, 2016**

UNITED STATES MAGISTRATE JUDGE

2